# United States Navy–Marine Corps Court of Criminal Appeals

Before
KING, STEWART, and LAWRENCE
Appellate Military Judges

———————————————

**UNITED STATES**
Appellee

**v.**

**Jonathan S. DASILVA**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201900337**

Decided: 28 August 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
John P. Norman

Sentence adjudged 6 September 2019 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for seven months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Jeremy J. Wall, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice, arts. 59, 66, 10 U.S.C. §§ 859, 866.[1]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] Although not raised as an issue on appeal, we note the delay of more than 30 days between the time the Convening Authority's Action was signed and docketing with this Court is facially unreasonable. In examining the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), we note that the length of the delay is only 1 day over the 30-day requirement. There are no noted reasons for the delay and Appellant does not assert his right to a timely appellate resolution, or otherwise request expedited review. Finally, as Appellant was sentenced to seven months confinement from the date of judgement, 6 September 2019, there is no evidence or assertion of prejudice due to the delay in the post-trial processing in docketing with this Court. Accordingly, we find that while the delay was facially unreasonable, Appellant suffered no prejudice. *See United States v. Moreno*, 63 M.J. 129, 135-36 (C.A.A.F. 2006).